NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IRA LEE SMITH,<br>Plaintiff,<br>vs.<br>SHERIFF WARREN RUFF, et al.,<br>Defendants. | ) | No. C 10-03472 JF (PR)<br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, an inmate currently incarcerated at the San Quentin State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against Contra Costa County Sheriff Department officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a separate written order.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1 5A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B. Plaintiff's Claims**

Plaintiff's claims are stated in a single paragraph: "Violation of this petitioner['s] constitutional rights to be free of 'free and/or harm' from any person or entity action; 'under the color of law' in violation of the 8th (Eighth) Amendment of the U.S. Constitution (more specificly [*sic*] a violation of [deliberate indifference][sic])." (Comp. at 3.) Plaintiff names as defendants Sheriff Warren Ruff, Deputy Sheriff Richard Gray, Deputy Sheriff Terrill, and Deputy Sheriff Indegrosse. (Id. at 2-3.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

Here, Plaintiff's claims are deficient as he fails to give defendants "fair notice" of his claim against them other than the conclusory allegation that they violated his Eighth Amendment rights. For example, Plaintiff has failed to identify the date on which the alleged violation(s) occurred or how each Defendant acted to cause the violation(s). For the foregoing reasons, the complaint is DISMISSED with LEAVE TO AMEND within thirty (30) days of the date of this Order.

///

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The complaint is DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT **within thirty (30) days** from the date this order is filed, containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action. See Fed. R. Civ. P. 20(a)(2). The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights. See Fed. R. Civ. P. 8(a)(2). The amended complaint must include the caption and civil case number used in this order (10-03472 JF (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Claims and Defendants not included in the Amended Complaint will not be considered by the Court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**Failure to file a proper amended complaint in the time provided will result in the dismissal of this action without further notice to Plaintiff.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The clerk shall enclose two copies of the court's form complaint with a copy of this order to Plaintiff.

IT IS SO ORDERED.

DATED: 1/18/11

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IRA LEE SMITH,

Plaintiff,

v.

SHERIFF WARREN RUFF, et al.,

Defendants.
_____________________________________/

Case Number: CV10-03472 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/31/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ira Lee Smith G-53756
San Quentin State Prison
San Quentin, CA 94974

Dated: 1/31/11

Richard W. Wieking, Clerk